IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW WHITFIELD, | : |
|     Plaintiff, | : Case No. _____ |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| KADMON HOLDINGS, INC., TASOS G. KONIDARIS, HARLAN W. WAKSAL, EUGENE BAUER, DAVID E. COHEN, ARTHUR KIRSCH, NANCY MILLER-RICH, and CYNTHIA SCHWALM, | : COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934 |
|     Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On September 7, 2021, Kadmon Holdings, Inc. ("Kadmon" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Sanofi and Latour Merger Sub, Inc. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Kadmon's stockholders will receive $9.50 in cash per share.

3. On October 4, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

**THE PARTIES**

8. Plaintiff is and has been continuously throughout all relevant times the owner of Kadmon common stock.

9. Defendant Kadmon is a Delaware corporation. Kadmon's common stock is traded on the NASDAQ under the ticker symbol "KDMN."

10. Defendant Tasos G. Konidaris is Chairman of the Board of Directors of Kadmon (the "Board").

11. Defendant Harlan W. Waksal is President, Chief Executive Officer, and a member of the Board.

12. Defendant Eugene Bauer is a member of the Board.

13. Defendant David E. Cohen is a member of the Board.

14. Defendant Arthur Kirsch is a member of the Board.

15. Defendant Nancy Miller-Rich is a member of the Board.

16. Defendant Cynthia Schwalm is a member of the Board.

17. Defendants identified in ¶¶ 10-16 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

18. Kadmon is a biopharmaceutical company that discovers, develops, and delivers transformative therapies for unmet medical needs.

19. On September 7, 2021, Kadmon entered into the Merger Agreement.

20. The press release announcing the Proposed Merger provides as follows:

Sanofi has entered into a definitive merger agreement with Kadmon Holdings, Inc. (NASDAQ: KDMN) a biopharmaceutical company that discovers, develops, and markets transformative therapies for disease areas of significant unmet medical needs. The acquisition supports Sanofi's strategy to continue to grow its General Medicines core assets and will immediately add Rezurock(TM) (belumosudil) to its transplant portfolio. Rezurock is a recently FDA-approved, first-in-class treatment for chronic graft-versus-host disease (cGVHD) for adult and pediatric patients 12 years and older who have failed at least two prior lines of systemic therapy.

Shareholders of Kadmon common stock will receive $9.50 per share in cash, which represents a total equity value of approximately $1.9 billion (on a fully diluted basis). The Sanofi and Kadmon Boards of Directors unanimously approved the transaction.

*"We are transforming and simplifying our General Medicines business and have shifted our focus on differentiated core assets in key markets,"* said Olivier Charmeil, Executive Vice President General Medicines. *"We are thrilled to add Kadmon's Rezurock to our well-established transplant portfolio. Our existing scale, expertise, and relationships in transplant create an ideal platform to achieve the full potential of Rezurock, which will address the significant unmet medical needs of patients with chronic graft-versus-host disease around the world."*

*"We are excited that Sanofi has acknowledged the value of Rezurock and the deep potential of our pipeline,"* said Harlan Waksal, M.D., President and Chief Executive Officer, Kadmon. *"By leveraging Sanofi's global resources and long-standing expertise in developing and commercializing innovative medicines, Rezurock is now well positioned for global accessibility, faster. I want to thank the entire Kadmon team, including management and the Board of Directors, and the*

3

*Sanofi organization, for their ongoing commitment to patients and their caregivers."*

Sanofi's transplant business mainly consists of Thymoglobulin[R] (anti-thymocyte globulin), a polyclonal, anti-human thymocyte antibody preparation that acts as a broad immunosuppressive and immunomodulating agent and Mozobil[R] (plerixafor), a hematopoietic stem cell mobilizer. Both products are among General Medicines core assets and are currently registered and marketed in more than 65 countries.

In July 2021, the FDA approved Rezurock for the treatment of adult and pediatric patients 12 years and older with cGVHD after the failure of at least two prior lines of systemic therapy. Rezurock was launched in August in the United States. It is the first and only approved small molecule therapy that inhibits the Rho-associated coiled-coil kinase 2 (ROCK2), a signaling pathway that modulates inflammatory response and fibrotic processes. Sanofi will work closely with regulatory authorities across different geographies to ensure that patients suffering from cGVHD can benefit from belumosudil treatment as early as possible. Kadmon is also developing Rezurock for the treatment of diffuse cutaneous systemic sclerosis, with an open-label Phase 2 clinical trial currently ongoing.

Kadmon's pipeline includes drug candidates for immune and fibrotic diseases as well as immuno-oncology therapies.

The transaction is expected to be modestly dilutive to Sanofi's EPS in 2022.

**Transaction Terms**

Under the terms of the merger agreement, holders of Kadmon's common stock will receive $9.50 per share in an all-cash transaction, reflecting a total equity value of Kadmon of approximately $1.9 billion. The offer price represents a premium of 79% over the closing price on September 7, 2021 and a premium of approximately 113% over the 60 trading days volume weighted average price.

The consummation of the transaction is subject to customary closing conditions, including the approval of holders of a majority of the outstanding shares of Kadmon voting stock, the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, and other customary conditions. Following the successful completion of the merger, a wholly owned subsidiary of Sanofi will merge with Kadmon and the outstanding Kadmon shares will receive $9.50 per share in cash. Sanofi plans to fund the transaction with available cash resources. Subject to the satisfaction or waiver of customary closing conditions, Sanofi expects to complete the acquisition in the fourth quarter of 2021.

**Advisors**

Weil, Gotshal & Manges LLP is acting as legal counsel to Sanofi. Cantor Fitzgerald & Co. and Moelis & Company LLC are acting as exclusive financial advisors to Kadmon in the transaction, while DLA Piper LLP (US) is acting as legal counsel.

21.     On October 4, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

22.     The Proxy fails to disclose material information regarding Kadmon's financial projections, specifically: (i) net income; and (ii) the line items used to calculate the financial projections.

23.     The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

24.     The Proxy fails to disclose material information regarding the financial analyses conducted by Cantor Fitzgerald & Co. ("Cantor") and Moelis & Company LLC ("Moelis"). When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

25.     Regarding Cantor's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the inputs and assumptions underlying the discount rates and perpetuity growth rates; (ii) the terminal values; (iii) cash, debt, convertible preferred stock, and other liabilities; and (iv) the number of fully-diluted shares of common stock outstanding of Kadmon.

26. Regarding Moelis' Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the inputs and assumptions underlying the discount rates and perpetuity growth rates; (ii) the terminal values; and (iii) net cash balance.

27. Regarding Moelis' price targets analysis, the Proxy fails to disclose: (i) the price targets; and (ii) the sources of the price targets.

28. Regarding Moelis' premiums paid analysis, the Proxy fails to disclose: (i) the transactions; and (ii) the premiums paid in the transactions.

## COUNT I

**Claim Against the Individual Defendants and Kadmon for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

29. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

30. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

31. Kadmon is liable as the issuer of these statements.

32. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

33. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

34. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed

Merger.

35. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

36. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

37. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

38. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

39. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

40. The Individual Defendants acted as controlling persons of Kadmon within the meaning of Section 20(a) of the Exchange Act as alleged herein.

41. Due to their positions as officers and/or directors of Kadmon and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

42. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

43. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

44. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

45. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

46. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

47. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

48. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: October 20, 2021

**GRABAR LAW OFFICE**

By: _____
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*